M. N. ADAMS, PLAINTIFF IN ERROR,

*v.*

## JOHN KELLY, JOHN GILCHRIST, AND FRANK HENDERSON, DEFENDANTS IN ERROR.

In a transitory action, the Statute of Limitations of the *forum*, and not that of the place where contract was made, governs : *hence*, when a maker of a promissory note, given in California, removes to Washington Territory before the statute of that State had run upon the note, he cannot thereafter, in a Court of Washington Territory, interpose the Statute of Limitations of California for the purpose of barring the action.

ERROR, to Second Judicial District, holding terms at Yakima City.

*Reavis & Pruyn,* Attorneys for Plaintiff in error.

The statute of California, as appears in the answer of the plaintiff in error, and also in the bill of exceptions, is as follows, to wit :

" Code of Civil Procedure, Sec. 337.   Within four years : All actions upon any contract, obligation, or liability, founded upon an instrument in writing executed in this State."

There is, however, a section of the California Statute of Limitations, which was not set out nor referred to, and which we claim cannot be considered, nor affect the determination of this cause in this Court, because it is not pleaded nor set out fully and specifically in the reply of the defendant in error ; which section reads as follows, to wit :

" Code of Civil Procedure, Sec. 351.   If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the time herein limited, after his return to the State ; and if, after the cause of action accrues, he departs from the State, the time of his absence is no part of the time limited for the commencement of the action."

The entire section 351 of the Statute of Limitations of California applies to a resident of the State of California, and does not apply to a person who abandons a residence in California and becomes a resident of another State, but only to persons temporarily absent from the State.   Exceptions must be positive and clear, and will not include cases by implication.  " General words in the statute must receive general construction, and if there be no express exceptions, the Court can create none."

(*Tyan* v. *Walker*, 35 Cal. 636 ; Quotation on page 640 ; *McIver* v. *Ragan*, 2 Wheaton, U. S. 25.)

This construction is illustrated and confirmed by the Supreme Court of Missouri in *Thomas* v. *Black*, 22 Missouri, 330.

That all exceptions to the running of statutes never apply to such cases, but only to residents who are abroad for a time only; and all the Courts need inquire into is the general statute relative to lapse of time, and should not in such cases construe the same with the exceptions thereto. (*McCormick* v. *Blanchard*, 7 Oregon, 232 ; *Bacon et al.* v. *Howard*, 20 Howard, U. S. 22; *Box* v. *Stanford*, 51 Am. Dec. 142 ; *Cook et al.* v. *Rivs*, 53 Am. Dec. 88.)

No brief for Defendants in error.

Opinion by S. C. WINGARD, Associate Justice.

John Kelly, John Gilchrist, and Frank Henderson brought suit in the District Court, Second District, holding terms at Yakima City, against M. N. Adams, on a certain promissory note executed by said Adams in the State of California, whilst all the parties were residents of California.

The defendant answering the complaint, set up Sec. 337 of the Code of California, as follows : " That the Statute of Limitations of the State of California is as follows, to wit : The periods prescribed for the commencement of actions other than for the recovery of real property are as follows : Sec. 337. Within four years : an action upon any contract, obligation, or liability founded upon an instrument in writing executed in this State " ; and further alleged that the cause of action set forth in the complaint accrued more than four years before the commencement of this action, and cannot be maintained under the law of California, by reason of the lapse of time.

The note was in words and figures following :

$330.00.                    STATEN ISLAND, March 1, 1877.

On the 1st day of October, 1877, without grace, I promise to pay to the order of Kelly, Henderson & Gilchrist, three hundred and thirty dollars, with interest at the rate of one per cent. per month, from date, until paid ; principal and interest payable only in gold coin of the Government of the United States, for value received.                    M. N. ADAMS.

The plaintiffs replied *inter alia*, that the defendant left the State of California before four years had elapsed from the making of said note, or from the time the same became due, and became a resident of Yakima County, W. T., and has never since returned to the State of California, but is now a resident of Washington Territory; that defendant's whereabouts was not known to plaintiffs after leaving said State, until within about eighteen months from the commencement of their action against him; that said note is not barred by the Statute of Limitations of the State of California, on account of defendant's absence therefrom, before four years had elapsed from the time said note became due as aforesaid.

The action was commenced July 14, 1883.

A jury was waived, and the cause was tried by the Court upon the pleadings and the evidence. "The Court found (so the transcript states) the defendant liable upon said promissory note, and rendered judgment," etc.

The plaintiffs in error pleaded a single section of the Statute of California only. This was new matter, and is expressly denied by the reply of the plaintiff below.

Section 46 of the Code of this Territory cannot be invoked to aid the plaintiff in error, because he was no longer a nonresident, but had resided here almost from the date at which the note became due.

The venue was transitory, the remedy could be sought, and was sought, and found here.

Six years had not elapsed from the time the action accrued until suit was brought in the Court below.

The action was not barred by any Statute of Limitations.

No assignment of errors was made by the plaintiff herein, and the cause was heard by agreement of parties and consent of the Court upon the sole question as to the sufficiency of the pleadings and evidence to support the findings of the District Court.

The judgment of the Court below is affirmed.

We concur : ROGER S. GREENE, Chief Justice.
             GEORGE TURNER, Associate Justice.